S03A1274, S03X1275. CITY OF CARTERSVILLE v. MUNICIPAL ELECTRIC AUTHORITY OF GEORGIA; and vice versa.

(592 SE2d 677)

FLETCHER, Chief Justice.

The parties appeal an order from the Superior Court of Bartow County regarding the constitutionality of two different proposed changes to the Power Sales Contract between the City of Cartersville and the Municipal Electric Authority of Georgia (MEAG). At issue is whether the proposed contractual arrangements would comply with the intergovernmental contracts clause of the Georgia Constitution, which allows political subdivisions of the State to contract with one another or with other public agencies, so long as the term of the contract does not exceed 50 years.[1] In this declaratory judgment action, the trial court held that amending the existing Power Sales Contract to add another 25 years to its term would violate the Constitution, but that the substitution of the existing Contract with a new 50-year contract would not. Because neither method of amending the contractual arrangement offends the intergovernmental contracts clause, so long as the municipality is never contractually bound for more than 50 years, we affirm in part and reverse in part.

MEAG supplies electrical power to Cartersville on a non-profit basis through the Power Sales Contract.[2] Cartersville's payments under the Contract are pledged to secure the payment of revenue bonds issued yearly by MEAG to fund infrastructure improvements. Because the Power Sales Contracts constitute the collateral for the revenue bonds, MEAG-issued bonds must mature before the contracts expire. This limitation results in severe debt-compression and restricts MEAG's ability to refinance the bonds at more favorable interest rates. Also, the power generation and transmission assets owned by MEAG have a useful life period that will extend beyond the

---

[1] Ga. Const. Art. IX, Sec. III, Par. I (a).

[2] *Thompson v. Municipal Electric Auth.*, 238 Ga. 19 (231 SE2d 720) (1976) (upholding legality and validity of Power Sales Contracts).

existing term of the Power Sales Contracts, and there is a need to extend those contracts to provide certainty to municipalities concerning their future entitlement to the electricity created by these assets. For these reasons, MEAG has announced that it would offer all participants, including Cartersville, either (a) an amendment to the existing Power Sales Contract that would add 25 years to the term of that contract, or (b) a new 50-year contract that would replace and supersede the existing contract.

The 50-year limitation of the intergovernmental contracts clause has only been addressed by this Court on one occasion. In *Nations v. Downtown Development Authority*,[3] this Court addressed a 50-year lease between the Downtown Development Authority and the City of Atlanta, which included a provision allowing the Authority to unilaterally extend the lease for an additional 25 years.[4] This Court held that the contract violated the intergovernmental contracts clause because the Authority was given the power to bind the City of Atlanta to a 75-year term.[5]

The trial court in this case erred when it found MEAG's proposed 25-year extension to be the equivalent of a 75-year contract under the *Nations* rationale. In contrast to the contract at issue in *Nations*, which gave the Authority the unilateral power to extend the contract without the City's consent, the proposed 25-year extension to the Power Sales Contracts would require the mutual agreement of both parties. So long as Cartersville's consent to the extension would not result in Cartersville being contractually bound for more than 50 years from the moment of that consent, the contractual extension would not violate the intergovernmental contracts clause. In this case, since there is less than 25 years remaining on the term of the original Power Sales Contract,[6] a 25-year extension would not result in a contractual term of more than 50 years.

MEAG's alternative offer, to rescind the current Power Sales Contract and enter into a new 50-year contract, also passes constitutional muster. In that situation, both parties are again required to mutually agree to the novation and Cartersville would never be bound for more than 50 years, in compliance with the intergovernmental contracts clause.

Because neither of the two proposed changes to the existing Power Sales Contract would result in Cartersville being contractually bound for more than 50 years, both proposals are acceptable under the intergovernmental contracts clause. Accordingly, that part

---

[3] 255 Ga. 324 (338 SE2d 240) (1985).
[4] Id. at 332 (5).
[5] Id.
[6] The Power Sales Contract was entered in February 1978.

of the trial court's order declaring the proposed 25-five year extension to be unconstitutional is reversed, and the remainder of that order is affirmed.

*Judgment affirmed in Case No. S03A1274 and reversed in Case No. S03X1275. Fletcher, C. J., Sears, P. J., Hunstein, Carley, Thompson and Hines, JJ., and Chief Judge Elizabeth E. Long concur. Benham, J., not participating.*

DECIDED FEBRUARY 4, 2004.

*Archer & Lovell, David G. Archer*, for appellant.
*Alston & Bird, Peter M. Degnan, David M. Meezan*, for appellee.